UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. HERNANDEZ, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>KELLY, et al.,<br><br>   Defendants. | Case No. 1:21-cv-00130-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER**<br><br>21-DAY DEADLINE |

   Plaintiff Jose L. Hernandez, Jr., initiated this action while in state custody. (Doc. 1.) Plaintiff is proceeding *pro se* and *in forma pauperis*.

   On February 1, 2022, issued its first screening order. (Doc. 10.) The Court determined Plaintiff had failed to establish a cognizable claim of deliberate indifference under the Eighth Amendment. (*Id*. at 3-5.) The Court granted Plaintiff leave to file an amended complaint[1] curing the deficiencies identified in the order. (*Id.* at 5.) Plaintiff was to file the amended complaint within 21 days, or, alternatively, he was to file a notice of voluntary dismissal. (*Id*. at 5.)[2] More than 21 days have passed, and Plaintiff has failed to file an amended complaint.

//

---

[1] The order references a "second amended complaint." In fact, had Plaintiff complied with the order, the amended complaint would have been properly designated a first amended complaint subject to further screening by the Court.

[2] The screening order was served on Plaintiff at his current address in Santa Rosa, California, following his release from custody as referenced in Plaintiff's notice of change of address filed in August 2021. (*See* Doc. 9.)

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court ORDERS Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may file a first amended complaint or a notice of voluntary dismissal of this case. **Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim and to obey court orders.**

IT IS SO ORDERED.

Dated:   **March 14, 2022**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE