UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. HERNANDEZ, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KELLY, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00130-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign a District Court Judge to this Action |

Plaintiff Jose L. Hernandez, Jr., initiated this action while in state custody. (Doc. 1.) Plaintiff is proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.

### I.   INTRODUCTION

On February 1, 2022, the Court issued its first screening order. (Doc. 10.) The undersigned determined Plaintiff had failed to establish a cognizable claim of deliberate indifference under the Eighth Amendment. (*Id.* at 3-5.) Plaintiff was granted leave to file an amended complaint[1] curing the deficiencies identified in the order. (*Id.* at 5.) Plaintiff was to file the amended complaint within 21 days, or, alternatively, to file a notice of voluntary dismissal.

---

[1] The order references a "second amended complaint." In fact, had Plaintiff complied with the order, the amended complaint would have been properly designated a first amended complaint subject to further screening by the Court.

(*Id*. at 5.)² More than 21 days passed, and Plaintiff failed to file an amended complaint or a notice of voluntary dismissal.

On March 15, 2022, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for a failure to a obey court order. (Doc. 11.) Plaintiff was provided 21 days within which to file a written response to the OSC, or, alternatively, to file a first amended complaint or notice of voluntary dismissal. (*Id*. at 2.) More than 21 days have passed, and Plaintiff has neither responded in writing to the OSC, nor filed an amended complaint or notice of voluntary dismissal.

## II.  DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

//

---

² The screening order was served on Plaintiff at his current address in Santa Rosa, California, following his release from custody as referenced in Plaintiff's notice of change of address filed in August 2021. (*See* Doc. 9.)

Plaintiff has not filed an amended complaint or a notice of voluntary dismissal, nor responded to the OSC concerning his failure to file an amended complaint or notice of voluntary dismissal. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal. *Henderson*, 779 F.2d at 1423.

The third factor, risk of prejudice to defendant, is a lesser factor here as named defendants have not yet appeared in the action. A presumption of harm or injury arises, however, from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement, or fifth factor. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Court's February 1, 2022, and March 15, 2022, Orders expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (*See* Doc. 10 at 6 & Doc. 11 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

It appears that Plaintiff has abandoned this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

//

//

### III. CONCLUSION AND RECOMMENDATION

For the reasons stated above, this Court RECOMMENDS that this action be DISMISSED for Plaintiff's failure to obey court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Lastly, the Court directs the Clerk of the Court to assign a district court judge to this action.

IT IS SO ORDERED.

Dated: __**April 15, 2022**__         /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE